IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Christopher Andre S.W. Quincer,      )
            Petitioner,              )
                                     )
v.                                   )        1:11cv1140 (CMH/IDD)
                                     )
Pete Meletis,                        )
            Respondent.              )

## MEMORANDUM OPINION

Christopher Andre S.W. Quincer, a Virginia inmate proceeding pro se, has filed a petition

for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the legality of his

confinement after the Prince William County Juvenile and Domestic Relations Court found him in

civil contempt for failing to make administrative support payments.   Presently before the Court is

respondent's Motion for Summary Judgment and petitioner's motions to show cause, Motion to

Dismiss Respondent's Motion for Summary Judgment, and Motion to Dismiss the Amended

Declaration of Colby Poteat.   For the reasons that follow, respondent's Motion for Summary

Judgment will be granted, and petitioner's motions will be denied, as moot.

## I. Background

Petitioner was sentenced on May 6, 2011, after the Prince William County Juvenile and

Domestic Relations District Court found him in civil contempt for failing to make administrative

support payments.  Br. Supp. Mot. Summ. J. ¶ 1, ECF No. 21.   The events leading to petitioner's

incarceration began on July 11, 2002, when the Virginia Department of Social Services, Division

of Child Support Enforcement (DCSE) entered an administrative support order (ASO) directing

petitioner to pay child support in the amount of $570 per month.   Am. Pet. ¶ 10, ECF No. 8; Br.

Supp. Mot. Summ. J. Ex. A, ECF No. 21-1.[1]  On October 21, 2002, DCSE sent a notice to petitioner's employer directing it to withhold petitioner's wages to satisfy his support obligation. Br. Supp. Mot. Summ. J. Ex. C at 2, ECF No. 21-3 (sworn affidavit of Colby Poteat, DCSE employee).  After the Prince William County Circuit Court awarded petitioner physical custody of his child on December 6, 2002, DCSE sent a second notice directing petitioner's employer that no wages should be withheld for petitioner's current support obligation, only to satisfy petitioner's arrears. Am. Pet. Ex. 1, ECF No. 1-3 at 3.  The Circuit Court subsequently stayed the custody order, and on March 4, 2003, DSCE sent petitioner's employer a third notice directing it to resume withholding petitioner's wages for his current support obligation.  Br. Supp. Mot. Summ. J. Ex. D, ECF No. 21-4.  Petitioner failed to pay his child support, and on August 5, 2005, the Juvenile & Domestic Relations Court found him in civil contempt for violating the administrative support order.

On July 18, 2007, petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, which dismissed it for failure to exhaust state court remedies.  On July 31, 2007, petitioner filed a state habeas petition, in the Supreme Court of Virginia, alleging that DCSE had retroactively modified the December 10, 2002 notice of withholding and reinstated his support obligation without giving him notice and an opportunity to be heard (the same allegations petitioner makes in the petition in this case). Pet'r's Letter to Court 3–6, ECF No. 9.  The Supreme Court of Virginia dismissed the petition as frivolous. Id. at 2.  Petitioner filed a second habeas petition on December 27, 2007 in this Court, which dismissed the petition on July 17, 2008 on the ground that petitioner was not in custody at the time he filed the petition.

---

[1] Petitioner appealed the ASO to the Virginia Department of Social Services, which increased the amount of child support to $667 per month.  Br. Supp. Mot. Summ. J. Ex. B, ECF No. 21-2.  He then appealed to the Juvenile & Domestic Relations District Court of Prince William County, Virginia, which dismissed the appeal. Id. at Ex. C at 2, ECF No. 21-3.

Petitioner continued to fail to meet his support obligations, and DCSE filed a show cause summons, which the Juvenile & Domestic Relations Court dismissed on April 3, 2009. Pet. Ex. 3, ECF No. 1-3 at 42–43 (Tr. of 4/3/2009 Hr'g). DCSE appealed the dismissal, and the Circuit found that, while petitioner had violated the ASO, it was not willful, and thus the Circuit Court dismissed the show cause summons. Ex. to Am. Pet. at 35, ECF No. 8-1.

DCSE issued another show cause summons on September 16, 2010, and on May 6, 2011, the Juvenile and Domestic Relations Court found petitioner in civil contempt and sentenced him to twelve months in jail with all twelve months suspended. Ex. to Pet. at 1, ECF No. 1-3. At the compliance review at the Juvenile and Domestic Relations Court on October 6, 2011, the court found that petitioner had not complied with its September 16, 2010 order and imposed all twelve months of the suspended sentence. Br. Supp. Mot. Summ. J. Ex. I, ECF No. 21-9. Petitioner did not appeal this finding to the Circuit Court. Petitioner then filed a habeas corpus petition on December 2, 2011 with the Circuit Court for Prince William County, which was voluntarily dismissed. Id. Ex. J., ECF No. 21-10.

Petitioner filed the instant habeas petition with this Court on October 18, 2011. Respondent filed a Motion for Summary Judgment on March 19, 2012. On April 9, 2012, petitioner submitted a reply brief and a "Motion for Order to Show Cause." Respondent replied to petitioner's motion on April 17, 2012. Between April 24, 2012 and May 2, 2012, petitioner submitted a second and third "Motion to Show Cause," a "Motion to Dismiss Respondent's Motion for Summary Judgment," and a motion to dismiss the amended declaration of Colby Poteat.

On October 17, 2012, respondent informed the Court that petitioner was transferred was released from custody on October 5, 2012. By Order dated November 27, 2012, petitioner was instructed to show cause why this petition should not be dismissed as moot. Plaintiff responded on December 14, 2012.

3

## II. Mootness

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)).   However, there are two exceptions to dismissal under the mootness doctrine: (1) the existence of collateral consequences; and (2) cases which are capable of repetition, yet evading review.   Leonard, 804 F.2d at 842 (internal quotations omitted).   First, if petitioner can demonstrate that "some concrete and continuing injury other than the now-ended incarceration" remains, i.e., some "collateral consequence" of the conviction, then the petition will not be rendered moot.   Spencer v. Kemna, 523 U.S. 1, 8 (1998). Second, the "capable of repetition yet evading review" exception is satisfied when the challenged action is too brief in duration to be fully litigated before it ends or expires, and there is a reasonable expectation that the same complaining party would be subjected to the same action again. Leonard, 804 F.2d at 842.

Even though petitioner is no longer incarcerated, he correctly argues that his case is not moot.   In Leonard, which is indistinguishable from this action, the Fourth Circuit held that the plaintiffs, although free at the time the case was decided, had "the substantial risk of again being held in civil contempt and incarcerated without appointed counsel, if they fail to make child support payments." Id. at 842–43.   That probability, and the "reasonable expectation that the controversy will recur involving plaintiffs," led the court to hold that the case was not moot.   Id. at 843.   Because petitioner's case involves the risk that he will again be held in civil contempt of failing to make child support payments, his case is not moot and will be adjudicated on the merits.


## III. Exhaustion

Respondent argues in its Motion for Summary Judgment that petitioner's claims are barred by the doctrines of exhaustion and procedural default.   Before bringing a federal habeas petition,

state prisoners must first exhaust their claims in the appropriate state court. Failure to exhaust all claims requires dismissal of the claims to allow the petitioner to first present his claims to the appropriate state courts. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner must present the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995). As presented, it is unclear whether petitioner's claims were addressed on the merits by the Supreme Court of Virginia.

However, 28 U.S.C. § 2254(b)(2) now permits a federal court, in its discretion, to deny on the merits a habeas corpus claim despite the applicant's failure to exhaust available remedies in state court. See Swisher v. True, 325 F.3d 225, 232–33 (4th Cir.), cert. denied, 539 U.S. 971 (2003) (affirming district court's discretionary decision to elect to deny habeas corpus relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted"). Because the convoluted procedural history of this matter makes it unclear whether petitioner fully exhausted his claims in state court, the Court will exercise that discretion here and evaluate the Motion for Summary Judgment on the merits.

## IV. Standard of Review

In reviewing a Motion for Summary Judgment, courts must view the facts in the light most favorable to the party opposing the motion. Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245 (4th Cir. 1997). Summary judgment is appropriate where "there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" dispute as to a material fact is present "if the evidence is such that a reasonable jury could . . . return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When a motion for summary judgment is made and supported by affidavits, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response must set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461–62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988).

## V. Analysis

### A. Due Process

Petitioner alleges that DCSE deprived him of his "rights, privileges, and immunities of the Constitution and the laws of the United States by denying him the right to a hearing on the merits of the July 11, 2002 ASO being retroactively modified without due process." Am. Pet. ¶ 10. He asserts that DCSE "retroactively modified" the December 6, 2002 notice sent to petitioner's employer when it sent an updated notice on March 4, 2003 that instructed the employer to resume withholding a certain amount from petitioner's wages to satisfy his obligation. Id. ¶ 18. Petitioner believes that he "was not given such notice and opportunity to participate in the March 3, 2003 hearing relating to the determination of child support, current support and arrearages." Id.

It is evident, however, that petitioner is mistaken about the nature of the DCSE's notices and about the events around March 3, 2003. As respondent points out, the notices sent to petitioner did not modify petitioner's support obligation but merely informed the employer how much money, if any, should be withheld from petitioner's pay to satisfy the obligation. Br. Supp.

6

Mot. Summ. J. 12. The amount of petitioner's obligation has not been modified since October 2002. Furthermore, contrary to petitioner's beliefs, no hearing was held on March 3 or March 4, 2003. Rather, on March 4, 2003, DCSE sent petitioner's employer the notice instructing it to resume withholding a certain amount from petitioner's wages to satisfy his support obligation. Because neither of these actions on the part of DCSE triggered petitioner's due process rights, see Wolf v. Fauquir County Bd. Of Supervisors, 333 F.3d 311, 323 (4th Cir. 2009) (stating that fair procedures entail notice and an opportunity to be heard), there is no "genuine dispute as to any material fact" pursuant to Fed. R. Civ. P. 56(a) and Celotex Corporation. Therefore, respondent's Motion for Summary Judgment must be granted.

## B. Eighth Amendment

Petitioner alleges that his Eighth Amendment right to be free from cruel and unusual punishment has been violated by his incarceration. Respondent is correct that petitioner has not been punished but instead faced civil proceedings for contempt. The Eighth Amendment does not apply to confinements that result from civil proceedings. See Browning-Ferris Inds., Inc. v. Keclo Disposal, Inc., 492 U.S. 257, 263 (1989) ("[g]iven that the Amendment is addressed to bail, fines, and punishments, our cases long have understood it to apply primarily, and perhaps exclusively, to criminal prosecutions and punishments"); see, e.g., Ex parte Watkins, 7 Pet. 568, 573–574, 8 L. Ed. 786 (1833) ("[t]he eighth amendment is addressed to courts of the United States exercising criminal jurisdiction"). Because petitioner cannot assert an Eighth Amendment claim for cruel and unusual punishment regarding his incarceration, respondent's Motion for Summary Judgment must be granted.

## VI. Other Pending Motions

Because respondent's Motion for Summary Judgment must be granted, respondent's April 24, 2012 Motion to File Amended Declaration of Colby Poteat will be denied, as moot. Similarly, petitioner's motions to show cause, Motion to Dismiss Respondent's Motion for Summary

Judgment, and Motion to Dismiss Amended Declaration of Colby Poteat also will be denied, as moot.

## VII. Conclusion

Because no genuine dispute of material fact exists as to petitioner's claim that his due process rights were violated and because he cannot assert an Eighth Amendment claim for cruel and unusual punishment, respondent's Motion for Summary Judgment will be granted. Respondent's Motion to File Amended Declaration of Colby Poteat will be denied, as moot, and petitioner's motions to show cause, Motion to Dismiss Respondent's Motion for Summary Judgment, and Motion to Dismiss Amended Declaration of Colby Poteat also will be denied, as moot.

Entered this _23ʳᵈ_ day of _Jan._ 2013.

 

 

                                                 /s/
                                      Claude M. Hilton
                             United States District Judge

Alexandria, Virginia